IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BILLY E. HURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3183 |
| | ) | |
| CITY OF CLINTON, ILLINOIS, | ) | |
| BOARD OF FIRE AND POLICE | ) | |
| COMMISSIONERS and | ) | |
| CITY OF CLINTON, ILLINOIS, | ) | |
| POLICE CHIEF MICHAEL REIDY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the City of Clinton's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) or Stay These Proceedings (d/e 10) and Defendant Reidy's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) or Stay These Proceedings (d/e 9) (collectively Motions).  For the reasons set forth below, the request for a stay is ALLOWED.

### STATEMENT OF FACTS

For purposes of the Motions, the Court must accept as true all well-

pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Plaintiff Billy E. Hurst.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court may also take judicial notice of matters of public record.  Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).  When read in that light, the Amended Complaint must set forth a short and plain statement of the claim showing that Hurst is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663 (7th Cir. 2007).

     Hurst alleges that Defendant Michael Reidy, Police Chief for the City of Clinton, Illinois, secretly installed "Webwatcher" software on Hurst's computer to secure evidence of Hurst's workplace misconduct (Intercepts).  Reidy has filed allegations against Hurst with Defendant Clinton Board of Fire and Police Commissioners (Board) based on the Intercepts.  These allegations have been published in a local newspaper.  The Board is about to conduct a disciplinary hearing on the allegations brought against Hurst by Reidy.  The Board has refused to exclude the Intercepts from the hearing.

Based on these allegations, Hurst brings a claim against Reidy and the Board under the Federal Wiretapping Act (Act) to enjoin the use of the Intercepts at any hearing and to recover damages and attorney fees. 18 U.S.C. §§ 2511, 2515, and 2520. Section 2511 of the Act prohibits any person from intercepting electronic communications, subject to certain exceptions. Section 2515 of the Act prohibits the use of any information secured in violation of the Act in any judicial or administrative proceeding. Section 2520 of the Act authorizes a private cause of action for damages and injunctive relief for any violation of the Act.

On May 15, 2009, Hurst brought an action in state court in DeWitt County, Illinois, against Reidy and the Board based on the same events (DeWitt Action). Motions, Exhibit 1, Hurst v. Board of the Fire and Police Commission for the City of Clinton and Michael Reidy, Chief of Police, DeWitt, Illinois, Circuit Court Case No. 2009-MR-28 Complaint. Hurst sought injunctive relief and damages under various state law theories. Hurst then filed this action on July 22, 2009.

## ANALYSIS

Hurst has filed two separate law suits asserting separate claims based on the same events. In such circumstances, the first suit, the DeWitt

Action, should proceed and the second should be stayed. <u>Rogers v. Desiderio</u>, 58 F.3d 299, 302 (7th Cir. 1995). The Court recognizes that the decision in the DeWitt Action may have preclusive effect here. <u>Id.</u> This outcome is still appropriate because parties should not file multiple suits arising out of a single set of events. <u>Id.</u>, at 301-02.

Hurst claims that the rule discussed in the <u>Rogers</u> case should not apply here because Hurst could not bring his claims under the Act in state court as part of the DeWitt Action. The Court disagrees. Illinois circuit courts are courts of general jurisdiction and can hear most claims arising under federal law. <u>Blount v. Stroud</u>, 232 Ill.2d 302, 328, 904 N.E.2d 1, 17 (Ill. 2009). The only exceptions to this rule exist if federal law grants federal courts exclusive jurisdiction to hear particular claims. <u>E.g.</u>, 28 U.S.C. § 1334(a) (exclusive jurisdiction over bankruptcy matters). Hurst does not cite any federal statute that grants this Court exclusive jurisdiction to hear claims under the Act, and the Court is not aware of any such statutory provision. Hurst, therefore, could have brought all of his claims in one forum, but he did not. He must, therefore, proceed in the first forum he chose. <u>Rogers</u>, 58 F.3d at 302. This Court does not comment on whether he can amend his pleadings in the DeWitt Action to add his claims under

the Act in order to bring all claims in one forum. That is a matter for the state court. This action, however, is stayed before this Court.

THEREFORE, the City of Clinton's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) or Stay These Proceedings (d/e 10) and Defendant Reidy's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) or Stay These Proceedings (d/e 9) are ALLOWED in part. This matter is stayed pending the resolution of the DeWitt Action.

IT IS THEREFORE SO ORDERED.

ENTER: November 19, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE